**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

      **Plaintiff/Respondent,**

  vs.                           **NO. 08 CV 479  RB/WDS**
                                   **NO. 04 CR 852  RB**

ALEJANDRO ESPINOZA, a/k/a
MIGUEL ANGEL MANZO

      **Defendant/Petitioner**

## MAGISTRATE JUDGE'S PROPOSED
## FINDINGS AND RECOMMENDED DISPOSITION[1]

    This is a Motion to Alter or Amend Judgment pursuant to Fed. R. Civ. P. 59(e) filed by Alejandro Espinoza.   (Document #27)  On April 13, 2009 the Court filed a Report and Recommendation recommending that Espinoza's habeas corpus petition under 28 U.S.C. § 2255 be denied.  (Document #21)  Petitioner filed objections to the Report and Recommendations that were considered by the Court.  On June 8, 2009 the Honorable Robert Brack entered an order adopting the findings and recommendations of the United States Magistrate Judge.  Petitioner's Motion to Vacate, Set Aside, or Correct Sentence filed under 28 U.S.C. § 2255 was denied and the matter was dismissed.  (Document #25)  A judgment was filed the same day.  (Document #26)  This motion followed.  Respondent has not filed opposition to this motion.

---

    [1]Within ten (10) days after a party is served with a copy of these findings and recommendations, that party may, pursuant to 28 U.S.C. §636(b)(1), file written objections to such findings and recommendations.  A party must file any objections with the Clerk of the U.S. District Court within the ten-day period allowed if that party wants to have appellate review of the findings and recommendations.  If no objections are filed, no appellate review will be allowed.

Petitioner seeks relief on the basis that the Court rejected his petition for habeas relief despite the Court's "tacit concurrence" with Petitioner's position that his counsel was ineffective. Petitioner cites one sentence on page 7 of the Proposed Findings and Recommended Disposition to support his claim of "tacit concurrence": ". . .it is difficult to see how a foundation could have been laid for the introduction of extrinsic evidence without the defendant's testimony." Plaintiff also seeks relief from the judgment in light of the "various issues in the reply that the Magistrate completely ignored" and asks the Court to "rule on the issues that were omitted in the magistrates findings, but were part of the § 2255 brief, memorandum of facts and law, and the reply." However, Petitioner has not identified those alleged issues, and the Court declines to speculate as to the identity of those issues.

The Court recommends that Petitioner's Motion to Alter or Amend Judgment pursuant to Fed. R. Civ. P. 59(e) be denied. Petitioner's suggestion that the Court tacitly concurred with his claim of ineffective assistance of counsel is not well taken. There is no question that defense counsel had to weigh the relative merits of having the defendant testify in his own defense at trial. If defendant testified he might have been able to lay the foundation for the introduction of the extrinsic evidence discussed at length in the Magistrate Judge's Proposed Findings and Recommended Disposition. However, by so testifying the Petitioner would have opened himself up to cross examination regarding his past criminal history, among other issues. It is apparent from the record that defense counsel exercised his judgment in determining that the harm that could be done by subjecting Petitioner to cross-examination outweighed the possible benefit gained by introducing an after-the-fact receipt for a hydroponic light[2] or a videotape of the arrest of a third

---

[2]It is curious that Petitioner appears to believe that his fortunes at trial rose and fell depending on whether a receipt for a post-arrest purchase of a hydroponic light was admitted into evidence, and yet he never revealed to his defense counsel the location of the actual hydroponic lab in which he allegedly grew the marijuana.

person.

It is also clear that Petitioner concurred with his attorney's judgment after they discussed the issue, as he made no attempt at trial to object to not testifying, although he voiced other objections to the proceedings. The Court will not repeat here the entire analysis contained in its original Recommended Disposition but the analysis can be summarized as follows. It is abundantly clear from the record that on several occasions Petitioner and defense counsel discussed the advantages and disadvantages of the defendant taking the stand, and there was agreement that he would not testify. A consequence of that agreement was that certain extrinsic evidence would not be admitted into evidence, but it was rational for Petitioner and defense counsel to conclude that the purported benefit of the extrinsic evidence would have been outweighed by the damage to Petitioner's defense if he testified and was cross-examined on, among other things, his previous criminal record. The Court concluded that there was no ineffective assistance of counsel at the trial of the underlying criminal matter.

The Court finds no basis to recommend that the judgment in this matter be altered or amended. The Court recommends that Petitioner's Motion to Alter or Amend Judgment be denied.

**W. DANIEL SCHNEIDER**
**United States Magistrate Judge**