IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff/Respondent,

  vs.                                    NO. 08 CV 479  RB/WDS
                                          NO. 04 CR 852  RB

ALEJANDRO ESPINOZA, a/k/a
MIGUEL ANGEL MANZO

    Defendant/Petitioner

## ORDER

**THIS MATTER** came before the Court on Petitioner's Motion to Vacate, Set Aside, or Correct Sentence filed under 28 U.S.C. § 2255 (Document No. 1) and the Magistrate Judge's Supplemental Report and Recommendations (Document No. 83). Petitioner filed objections to the Supplemental Report and Recommendations (Document No. 95); a Reply to the Government's Sealed Omnibus Response (Document 100); and a Reply to the Government's Response to his objections (Document No. 102). Respondent filed a response brief (Document No. 97) and a Surreply (Document No. 104). Having reviewed the record de novo and considered all of the documents identified above, and being otherwise fully advised, I find that the Motion to Vacate, Set Aside, or Correct Sentence should be denied, for the reasons set forth below.

First, the Court agrees with the *Brady* analysis set forth in the Magistrate Judge's Supplemental Report and Recommendations regarding the lack of materiality of the suppressed evidence. In the Court's opinion there was not a reasonable probability that disclosure of the evidence would have resulted in a different outcome at Petitioner's trial. Furthermore, the Court has considered the additional evidence proffered by Petitioner and concludes that the evidence does not

change the materiality analysis in Petitioner's favor. The fact that James failed drug tests *after* she testified at Petitioner's trial is of no relevance to this petition. Whether James could or could not remember the details of her personal drug use when questioned by a Magistrate Judge during her detention hearing also does not change the materiality analysis. First, the Court is highly skeptical that James' testimony accurately reflected the state of her memory of her drug use at the time. More importantly, the theory of Petitioner's defense was that James was willfully falsifying her testimony to frame Petitioner, not that she failed to recall that Petitioner actually provided her with marijuana, not methamphetamine, to sell. As noted by the Magistrate Judge, when James' testified at Petitioner's trial she did not have problems remembering her dealings with Petitioner, and her testimony was substantiated by corroborating evidence.

Finally, the Court concludes that failure to produce the interview with James' boyfriend, Gary Robinson, did not constitute a *Brady* violation, either by itself or in conjunction with the documentation of the failed drug test. The interview itself is replete with speculation and hearsay evidence. There is no evidence before the Court that any of the speculation was ever confirmed, i.e., that during the summer of 2004 James was actually helping a local landscaper distribute drugs. Mr. Robinson made it very clear to investigators that James was terrified that Petitioner would kill her for testifying against him. It is far from clear to the Court that such testimony would have been admitted at trial, if it was offered, but the Court agrees with the Government that an attempt by Petitioner's defense attorney to admit some of Mr. Robinson's testimony could easily have opened the door to testimony that would have been very harmful to Petitioner's case. In any event, considering the above evidence as a whole, the Court concludes that the *Brady* claim within Espinoza's Motion Pursuant to 28 U. S. C. §2255 to Vacate, Set Aside, or Correct a Sentence by a Person in Federal Custody is not well taken, and it is denied.

**WHEREFORE, IT IS ORDERED** that the findings and recommendations of the United States Magistrate Judge are adopted.

**IT IS FURTHER ORDERED** that Petitioner's Motion for Relief Pursuant to 28 U.S.C. § 2255 is **DENIED** and this matter is dismissed.

_____
**HON. ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**