IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff,

vs.

ALEJANDRO ESPINOZA, a/k/a
MIGUEL ANGEL MANZO,

        Defendant.

CIV 08-0479 RB/KBM
CR   04-0852 RB

# **PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

THIS MATTER is back before the Court on Defendant's Rule 60(b) Motion filed in the criminal case because the Tenth Circuit determined that this Court mistakenly had: (1) found the motion to qualify as a second or successive 28 U.S.C. § 2255 motion and (2) dismissed it for lack of jurisdiction. *See Doc. 211-1*. Specifically, the Tenth Circuit held that the

> Rule 60(b) arguments do not attack the district court's ruling on the merits of his initial § 2255 motion. Instead, these arguments challenge a defect in the integrity of his initial § 2255 proceedings based on the district court's **failure to rule** on two of his properly presented § 2255 claims. An "argument that the district court failed to rule on [a § 2255] claim does not challenge the merits of the district court's resolution of [a] § 2255 motion, but only an alleged defect in the integrity of the earlier § 2255 proceedings."

*Id.* at 4 (quoting *Peach v. United States*, 468 F.3d 1269, 1271 (10th Cir. 2006).[1] Finding that the relief Espinoza sought in his Rule 60(b) motion was to "have the district court rule on these claims in the first instance," this Court now addresses Espinoza's allegation that the

---

[1] The Panel thus issued a Certificate of Appealability on the basis that "reasonable jurists could debate the district court's decision to treat the Rule 60(b) arguments as second or successive § 2255 claims." *Doc. 211-1* at 5.

certain claims were not addressed previously by the district court. In order to do so, this Court must first review how the procedural history of this case may affect that analysis.

Following a jury trial at which Defendant was convicted of conspiracy to possess more than 500 grams of methamphetamine with the intent to distribute it, Espinoza was sentenced on April 19, 2005 to 240 months of imprisonment. *Doc 77.* [2] On direct appeal, the Tenth Circuit affirmed the conviction. *United States v. Espinoza*, 211 Fed. App'x 795 (10th Cir. 2007). In its decision, the Panel observed that because "Mr. Espinoza was present in court when his counsel informed the court that he did not expect to call any witnesses[,] Mr. Espinoza could not have been totally surprised when his counsel rested the following day without calling any witnesses." *United States v. Espinoza*, 211 F. App'x 795, 799 (10th Cir. 2007).

On May 15, 2008, Espinoza filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. *Doc. 92.* Among other claims of ineffective assistance of counsel, Espinoza alleged his "right to testify and to present evidence on his behalf was waived by his trial counsel without his consent and outside of his presence." *Id.* at 6 (emphasis in original). After the case was referred to Magistrate Judge Schneider, he issued a report and recommendation on April 13, 2009 that the Section 2255 motion be denied. *Doc. 110.* In May 14, 2009 Objections to that report, Espinoza took issue with Judge Schneider's finding that "Espinoza's failure to testify was a tactical decision between Defendant and his counsel." *Doc.112* at 6. It would seem that this necessarily confirms that the magistrate judge made a finding of consultation and consent.

Following Judge Brack's adoption of the report and recommendation and dismissal of

---

[2] Unless otherwise noted, the document references are to those filed criminal case 04-0852 RB.

the case *(Doc. 114)*, however, Espinoza filed a "Motion to Alter or Amend Judgment" in which he complained there were "various issues in the reply that the Magistrate completely ignored." *Doc. 115* at 2. In the report and recommendation on that motion to alter or amend, Judge Schneider found that "Petitioner has not identified those alleged issues, and the Court declines to speculate as to the identity of those issues." *Doc.118* at 2. Again Espinoza filed objections which were overruled by Judge Brack. *Docs. 119, 122*.

On appeal of the dismissal of the 2255 petition (Appeal No. 09-2206), the Tenth Circuit panel initially denied a Certificate of Appealability ("COA") as to all of Espinoza's claims on August 20, 2010. *Doc. 134-1*. However, the Panel subsequently granted Espinoza's motion for rehearing, granted a COA on the *Brady* issue "advanced in his amended petition for rehearing ("PFR")" and remanded that <u>sole</u> issue to be considered by the district court in the first instance. *Doc. 135-1*.

In that remand order, the Tenth Circuit expressly "**DEN[IED]** panel rehearing on all other issues raised in petitioner's original and amended PFRs." *Id.* at 1. In his original PFR filed September 17, 20010 in Appeal No. 09-2206, Espinosa specifically argued that both the district court and the Panel had "completely ignored" his "due process right to be present at <u>all</u> critical stages of the proceedings." Doc. 01018498499 at 2.[3] Similarly Espinoza argued that the Panel had "failed to consider the thrust of Espinoza's argument: Mr. Wright's decision to waive Espinoza's right to a defense and, by extension, his right to testify in his

---

[3] The Panel noted that after Espinoza's outburst when the Court indicated to the jury that the defense had decided to call no witnesses, "Espinoza was invited to write down his objections to counsel's handling of the case. Although Espinoza did not hesitate to raise myriad concerns, his purported wish to testify was conspicuously absent from this list." *Doc. 134-1* at 5-6. Similarly, the list did not assert that his attorney had deprived him of the right to be present at all critical stages of the proceedings. *See Doc.101-2*.

3

own behalf <u>without consulting</u> him. . . ." *Id.* at 7.[4] In his Amended PFR, Espinoza reiterated these arguments that in addition to the Brady claim, neither the district court nor the Tenth Circuit had addressed the merits of his denial of the "right of presence" and "right to testify" claims. Doc. 01018521308 at 2-4. Given the express denial by the Tenth Circuit of rehearing on these issues, it appears that the denial of a COA as to these non-*Brady* claims remains in place.

On remand for consideration of the *Brady* claim, Espinoza again sought to resurrect the claims on which the Tenth Circuit had denied a COA in a "Motion for Relief from Void Judgment [for] Failure to Address All Issues Raised in § 2255 Motion,"*Doc.136 (Original Motion) & 141 (Amended Motion)*. Judge Brack rejected that proposition:

> The Motion for Relief From Void Judgment does not address Petitioner's *Brady* claim, but instead addresses Petitioner's ineffective assistance of counsel claim and his claim that he was denied the right to be present at a critical stage of trial. This Court does not have jurisdiction to rule on either of these claims, because this matter is on remand from the Tenth Circuit only for this Court's consideration of Petitioner's *Brady* claim.

*Doc. 163* at 1-2; *see also Doc. 164*. The *Brady* claim was addressed by Magistrate Judge Schneider in a report and recommendation. *Doc. 162.* Judge Brack agreed with his analysis, and, on January 23, 2013, Judge Brack adopted the report and recommendation and dismissed "this civil proceeding" with prejudice. *Doc. 182 & 183*.

---

[4] In fact, however, the Panel had considered this argument:

> The district court rejected Espinoza's claim that his attorney was ineffective for denying him the right to testify on the grounds that Espinoza never indicated a wish to testify, even after an invitation by the court to state his concerns, and that his waiver of the right to testify was a tactical decision made jointly with his attorney. On appeal, Espinoza does not argue that he informed the court he wished to testify. Instead, he contends that his silence on the matter was insufficient to waive his right to testify, and that both his attorney and the court prevented him from asserting the right.

4

Espinoza once again appealed. *Doc. 186* (Appeal No. 12-2162 consolidated with Appeal No.13-2036). On November 27, 2013, the Tenth Circuit denied a COA as to that decision finding that "the district court's conclusion as to Mr. Espinoza's *Brady* claim was neither debatable or wrong . . . ." Doc. 0101916442 at 8. The Tenth Circuit also found that

> [t]he district court was correct to heed the panel's articulated reason for the remand, i.e. for the district court "to rule on the *Brady* claim in the first instance" . . . and address no other matters. . . . [B]ecause the district court has already heard and disposed of Mr. Espinoza's ineffective assistance of counsel claim, we reject his attempt to reassert his argument in the present request for a COA.

*Id.* at 8-9. One would have thought that this ruling on appeal brought to an end the claims brought in this habeas action. Unfortunately, the waters once again became murky given Espinoza's recognized propensity to file "a slew of motions." *Id.* at 3.

Prior to that decision, on March 17, 2013, Espinoza had filed in district court a "Petitioner's Motion to Set Aside Judgment" pursuant to Rule 60(b)(3) and Rule 60(b)(4) of the Federal Rules of Civil Procedure. *Doc. 194*. The motion alleges three grounds for relief: (a) Judge Brack's failure to recuse himself *sua sponte* from the habeas proceedings on the basis of actual bias or the appearance of bias; (b) depriving Espinosa of his right to be heard on the ineffective assistance of counsel "right to be present" claim; and (c) depriving Espinoza of his right to be heard on the opportunity to be heard on the ineffective assistance of counsel "failure to consult" claim. *Id.* Espinoza also filed a motion seeking disqualification of Judge Brack alleging that the presiding judge "refuses to hear and decide constitutional claims . . . simply because Petitioner disrupted the court proceedings during Petitioner's trial." Doc.197 at 1. Judge Brack <u>clearly</u> addressed the merits of the motion to disqualify in denying that motion. *See Doc. 200*.

As explained earlier, Judge Brack further found the Rule 60(b) motion to set aside

5

judgment to be an unauthorized second or successive § 2255 petition for which the district court did "not even have jurisdiction to deny the relief sought in the pleading." *Doc. 200* at 4. He also denied Espinoza's July 28, 2014 "Motion to Amend or Make Additional Findings and to Alter or Amend Judgment" *(Doc. 201),* this time brought pursuant to Rules 52(b) and 59(e) of the Federal Rules of Civil Procedure. This motion requested that the Court make additional findings or alter or amend its Order entered on July 15, 2014 *(Doc.200)* that denied the Rule 60(b) motion. *See Doc. 201*. Once again, on February 9, 2015, Judge Brack found he lacked jurisdiction because the motion based on Rules 52(b) and 59(e) were likewise found to be a second or successive § 2255 motion. *Doc. 204*.

Yet again, Espinoza appealed. *Doc.205 (*Appeal No. 2035). It is the district court's ruling on the above motions at the crux of the current remand order. As discussed earlier, the Tenth Circuit disagreed with Judge Brack and found that because the motions *alleged* that properly brought claims had not been addressed by the district court in the first instance, the motions attacked the integrity of the proceedings and therefore did not qualify as second or successive petitions. *Doc. 211-1* at 4 ("these arguments challenge a defect in the integrity of his initial § 2255 proceedings based on the district court's failure to rule on two of his properly presented § 2255 claims.").

It is against this tortuous backdrop that I must perform the analysis now dictated by the Tenth Circuit. It seems perplexing to address claims which were dismissed by the district court, were rejected by the original Panel and for which the Panel refused on rehearing to disturb its decision not to issue a certificate of appealability. Remember, Espinoza argued often and at length in the Tenth Circuit complaining that these claims had not been addressed. It seems implicit its ruling issuing a certificate of appealability *only* as to the

discreet *Brady* claim that the Panel found that the district court had indeed reached the merits of the other claims at issue.

That said, the Tenth Circuit indicated that it was "granting [Espinoza] the relief he sought [by having] the district court rule on the merits of his **Rule 60(b)** motion." *Doc. 211-1* at 8. Thus, my inquiry is whether the district court, in fact, addressed the merits of the ineffective assistance of counsel claims and the motion to disqualify.

### The Ineffective Assistance of Counsel Claims

Espinoza contends that the Court failed to address his claim that trial counsel was ineffective in protecting his right to be present during all critical stages of the trial. In his Rule 60(b) motion, Espinoza alleges that he was not present when his counsel advised the Court that Espinoza would not be presenting a defense and thereby also denied Espinoza of his right to testify. *Doc. 194*. Magistrate Judge Schneider's report and recommendation made the following observations as to these claims:

> At the end of the first day of trial, the prosecution rested. The Court asked defense counsel if he expected to call any witnesses. Counsel replied that he did not expect to call any witnesses, but he would need to consult with his client before making a final decision. The next morning after making two motions for a mistrial, the defense rested without calling the petitioner to testify.
>
> The Court and the parties then spent a lengthy period of time settling the jury instructions. During the review of the instructions, with the Defendant present, the Court referred to three separate instructions which needed to be changed or omitted because the Defendant did not testify. Defendant raised no objection to the Court at any time. When the jury was brought back in the Defendant interrupted the Court as it was addressing the jury and stated "You're going to give me life without the possibility of parole, and you're not going to allow my side to be heard." (Tr. p. 216 - p. 231) The Court instructed the Defendant to sit down, but the Defendant continued, stating "I have some issues that have to be preserved for appeal. This is my life we're talking about." The Court excused the jury as the Defendant continued his outburst.

>After the jury was excused the Court warned Defendant that he would not tolerate any further outbursts. The Court instructed the Defendant to speak to his counsel about his concerns. At this point the Court questioned the defense counsel about his consultation with Espinoza on the decision not to testify. Defense counsel responded that he consulted with his client several weeks ago about testifying, that he had discussed the matter again the night before, and that they had again discussed it that very morning. The Court then took a recess to allow the Defendant and his counsel to meet. When the Court reconvened Espinoza presented a handwritten note outlining several of his concerns, which the Court admitted as Court Exhibit 1. None of the matters contained in Court Exhibit 1 makes any mention of Defendant wishing to testify or not being allowed to testify.
>
>While Defendant has a clear right testify on his own behalf, the evidence does not support Defendant's claim that he was prevented from testifying. At the end of the government's case on the late afternoon of January 20, the Court, with Defendant present, asked defense counsel if he was going to present any evidence the next morning. The answer was that he did not expect to, but that he need to consult with his client. The Defendant in no way objected or raised any question on this point. The next morning the defense counsel indicated he did not intend to present any evidence. Again, the Defendant raised no objection. During the settling of jury instructions the Court specifically mentioned the need to change the instructions since the Defendant did not testify. No objection was raised by Defendant. After the outburst and after consulting with counsel, Defendant himself prepared a list of matters that him, and that list did not include any reference to not being allowed to testify. See Court Exhibit 1. Defendant's claim concerning not being allowed to testify is without factual support or merit. His failure to testify was a tactical decision between Defendant and his counsel.

*Doc. 110* at 4-6.

Although Judge Schneider did not use the phrases "due process" or "accused's right to be present at all critical stages of the proceedings," I believe his findings nonetheless address those aspects of the ineffective assistance claim. Espinoza alleges that his attorney informed the Court that the defendant would not be offering any testimony in its defense prior to Espinoza being brought into the courtroom the morning of January 21, 2005. Even accepting that allegation as true, the evidence could not support a finding that due process was violated in this case:

8

> a defendant [must] be allowed to be present "to the extent that a fair and just hearing would be thwarted by his absence. Thus, a defendant is guaranteed the right to be present at any stage of the criminal proceeding that is critical to its outcome if his presence would contribute to the fairness of the procedure.

*Kentucky v. Stincer*, 482 U.S. 730, 745 (1987) (quoting *Snyder v. Massachusetts,* 291 U.S. 97, 108 (1934) (the accused has no right to be present at "every second or minute or even every hour of the trial."). Here, the information conveyed related to scheduling, and, as Judge Schneider found, the Court and counsel discussed the defendant's decision to not take the stand <u>in his presence</u> several times in the context of settling jury instructions. By his silence and failure to correct that impression and express a desire to testify when it was offered, Espinoza's earlier alleged absence in no way "thwarted" his right to a "fair and just hearing." Instead, as Judge Schneider noted, "Defendant's claim concerning not being allowed to testify is without factual support or merit. His failure to testify was a tactical decision between Defendant and his counsel." *Doc. 110* at 6. That finding is even further buttressed by Judge Schneider's observation that after being given the opportunity to consult with his attorney and identify and list issues he wished to address and preserve for appeal, his right to testify was notably absent.

## Motion to Disqualify Judge Brack

As seen from above, Espinoza incorrectly alleges that the district court failed to address the ineffective assistance of counsel issues that he listed in his Rule 60(b) motion. Thus, those allegations cannot support a finding of bias against Judge Brack. And, as Judge Brack held in denying the motion to disqualify,

> Defendant contends that the Judge has held a grudge against Defendant since the trial and that subsequent rulings were the result of bias towards Defendant. His only factual allegation, however, is that none of those subsequent rulings have been in his favor. As the Court of Appeals for the

> Tenth Circuit has stated, "We have held that 'a motion to recuse cannot be based solely on adverse rulings.' " *Anderson v. Kennard*, 4 F. App'x 658, 660 (10th Cir. 2001) (quoting *Willner v. University of Kansas*, 848 F.2d 1023, 1028 (10th Cir. 1988)). Furthermore, "judicial rulings and remarks during trial that are disapproving or even hostile to counsel, the parties, or their cases do not support a claim of bias or partiality unless they reveal 'such a high degree of favoritism or antagonism as to make fair judgment impossible.' " *Belden v. Wyoming Dep't of Corr.*, 251 F. App'x 512, 518 (10th Cir. 2007) (quoting *Liteky v. United States*, 510 U.S. 540, 555 (1994)). " 'A judge's ordinary efforts at courtroom administration – even a stern and short-tempered judge's ordinary efforts at courtroom administration – remain immune' from charges of bias." *Coando v. Westport Resources*, 85 F. App'x 59, 63 (10th Cir. 2003) (quoting *Liteky*, 510 U.S. at 555). Defendant's motion fails to meet the standards noted in the cited cases, and the Court will deny his disqualification motion.

Clearly, Judge Brack addressed whether he was required to recuse and the merits of the motion to disqualify, and this Court agrees with his analysis. For all of these reasons, Espinoza's Rule 60(b) motion is without merit.

Wherefore,

IT HEREBY RECOMMENDED that "Petitioner's Motion to Set Aside Judgment" pursuant to Rule 60(b) *(Doc. 194)* be **denied**.

---

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1).  **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition.   If no objections are filed, no appellate review will be allowed.**

---

_____
UNITED STATES CHIEF MAGISTRATE JUDGE