IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff-Respondent,

v().                                                    CIV 08-0479 RB/KBM
                                                   CR  04-0852 RB

ALEJANDRO ESPINOZA, a/k/a
MIGUEL ANGEL MANZO,

    Defendant-Petitioner.

**ORDER OVERRULING PETITIONER ESPINOZA'S OBJECTIONS TO CHIEF MAGISTRATE JUDGE MOLZEN'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

**THIS MATTER** comes before the Court on Petitioner Alejandro Espinoza's ("Espinoza's") Objections to the Magistrate Judge's Proposed Findings and Recommended Disposition (*Doc. 151*), filed January 11, 2016. Therein, Espinoza objects to the Chief Magistrate Judge's Proposed Findings and Recommended Deposition ("PF&RD") (*Doc. 220*), filed December 18, 2015, which recommended the denial of his Motion to Set Aside Judgment Pursuant to Rule 60(b).

When a party files timely-written objections to the magistrate judge's recommendation, the district court will conduct a *de novo* review and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(C). *De novo* review requires the district judge to consider relevant evidence of record and not merely to review the magistrate judge's recommendation. *In re Griego*, 64 F.3d 580, 583-84 (10th Cir.

1995). "[A] party's objections to the magistrate judge's [PF&RD] must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review." *United States v. One Parcel of Real Prop., with Buildings, Appurtenances, Improvements, & Contents*, 73 F.3d 1057, 1060 (10th Cir. 1996). Following a *de novo* review of the evidence in the record, the Court finds that Espinoza's objections to be without merit.

Espinoza, summarizing the claims that he asserted in his § 2255 motion, contends that in "Ground One," he raised "five specific claims of ineffective assistance of counsel." *Doc. 151* at 1.[1] These "claims" appear to loosely track the "grounds" asserted in his Supplemental Memorandum of Fact and Law in Support of Previously Filed Motion Under Title 28 U.S.C. § 2255 ("Supplemental Memorandum"). *See Doc. 9* at 4. Of these "five specific claims," his objections now focus on three: (1) counsel's failure to call him to testify on his own behalf, which he refers to as "Claim 1"; (2) counsel's failure to protect his right to be present during all critical stages of the trial, which he refers to as "Claim 2"; and (3) counsel's failure to consult him before waiving his right to testify, present witnesses, and confront his accuser, which he refers to as "Claim 3." *Doc. 151* at 1.

First, Espinoza objects to Chief Magistrate Judge Molzen's PF&RD on the basis of a purportedly erroneous finding that Magistrate Judge Schneider addressed all of his § 2255 claims in the first instance. *Doc. 151* at 4. Espinoza maintains:

---

[1] The document references herein are to those filed in Espinoza's civil case, 08cv0479 RB/KBM.

2

> even assuming that the district court made some findings arguably relevant to [Claims 2 and 3], the district court never identified these claims as the claims raised by Espinoza or resolved the ultimate issue of whether counsel was ineffective for failing to protect Espinoza's right to be present and for not consulting him before waiving his right to present a defense.

*Doc. 151* at 5.  In other words, he suggests that Judge Schneider's April 13, 2009 PF&RD only addressed Claim 1, which was premised upon counsel's failure to call him to testify, and neglected to address Claims 2 and 3, which were premised upon his right to be present and his right to be consulted before waiver of his right to present a defense. While Judge Schneider discussed these related claims concurrently, rather than independently, this Court agrees with Judge Molzen that he nevertheless addressed each aspect of Plaintiff's ineffective assistance of counsel claim.

Notably, it was Espinoza who first failed to maintain strict distinctions between these related claims. In his original § 2255 Motion he alleged in "Ground one" that his counsel was ineffective because he prevented him from testifying and presenting evidence.  *Doc. 1* at 4.  Expanding on "Ground one," he asserted that his right to testify and to present evidence was waived by his trial counsel without his concent [sic] and outside of his presence." *Id*. at 6.  In other words, the claims that he now presents as two discrete claims – Claim 2 and Claim 3 – fell squarely within "Ground one" in his original § 2255 motion.

Then, in his Supplemental Memorandum, Espinoza specified that "Ground Two," his right to be present claim, must be considered in conjunction with his right to testify claim. *Doc. 9* at 22.  Similarly, he explained that "Ground Three,"

3

his failure to consult claim,[2] "must also be considered in conjunction" with his right to testify claim. Doc. 9 at 25. Thus, it was Espinoza who conflated Claims 1, 2, and 3 in the first instance. After being instructed by Espinoza to consider these related claims in conjunction with his right to testify claim, Judge Schneider did just that.

Judge Schneider ultimately found that Espinoza's claims were "without factual support or merit" and that his "failure to testify was a tactical decision between Defendant and his counsel." *Doc. 110* at 6. This ultimate determination encompassed Judge Schneider's conclusion that Espinoza was not denied the right to be present during a critical stage or denied the right to consultation on the issue of his testifying at trial. Indeed, analyzing these claims, Judge Schneider discussed counsel's consultation with Espinoza regarding his decision not to testify as well as Espinoza's presence during several discussions between the Court and counsel concerning his decision not to take the stand.  Nothing more was required.

Espinoza's second objection varies only slightly from his first.  He objects "that Magistrate Judge Molzen's belief that Magistrate Judge Scneider's findings regarding a separate claim for relief precluded a more thorough review of the merits of the unresolved claims in the first instance." *Doc. 151* at 5.  Put another way, he contends that Judge Molzen's inference that "Claims 2 and 3 were

---

[2] In his Supplemental Memorandum, Espinoza described Ground Three as a claim related to the "Hobson's choice on [his] right to be present at critical stage, on his right to testify, and on his right to present evidence on his behalf." Thereafter, in the Declaration filed with his Rule 60(b) motion, he clarified that he now describes this Hobson's choice claim as a "failure to consult" claim. *Doc. 122* at 15 n. 4 (explaining that he "inartfully referred to the failure to consult claim as a Hobson's choice claim").

consolidated and simultaneously addressed with Claim 1 . . . infected her whole analysis and precluded a merits determination of the underlying § 2255 claims." *Id.*

With respect to his right to be present, Espinoza insists that the Court should have made specific findings as to whether he was excluded from an important part of the trial and whether his presence "would not have been useless." *Doc. 151* at 6. Espinoza alleges that he was not present when his counsel advised the Court that he would not testify or present a defense. But it follows from Judge Schneider's conclusions that Espinoza's presence at that time was simply not critical.

According to Judge Schneider, Espinoza *was* present on occasions when the Court and counsel broached the topic of whether he would testify – for instance, while settling jury instructions – and yet Espinoza made no objection. In the Court's view, Judge Schneider's analysis, though not as formulaic as Espinoza would have wished, was sufficiently clear to support the implicit conclusion that Espinoza's absence on one occasion when counsel conveyed his client's decision not to testify did not thwart a fair and just hearing. Further, given that Espinoza himself conflated the claims that he now insists are discrete, it is unsurprising that Judge Schneider did not explicitly discuss each element of his right to be present claim. However, his ultimate determination is no less sound. Indeed, following its *de novo* review, this Court reaches the same conclusion – that there is no merit to Espinoza's claim that his trial counsel was ineffective in failing to protect his right to be present during all critical stages of trial.

5

As to his right to consultation claim, Espinoza takes issue with Judge Molzen's rationale that Judge Schneider's determination that Espinoza's "failure to testify was a tactical decision between Defendant and his counsel" meant that he necessarily made a "finding of consultation and consent." *Doc. 148* at 2. He suggests that because this finding was only in reference to Claim 1, there was no independent finding on his right to consultation claim.

As explained herein, it was Espinoza who first blurred the lines of Claims 1, 2, and 3. Nevertheless, Judge Schneider made various observations and findings regarding counsel's consultation with Espinoza before concluding that his failure to testify was a tactical decision between counsel and Espinoza. For example, he noted that at the end of the first day of trial, when the Court asked defense counsel if he expected to call witnesses, counsel explained that he did not expect to, but would need to consult with his client. Then, he noted that after Espinoza's outburst in the presence of the jury, the Court questioned counsel about his consultation with Espinoza regarding his decision not to testify and, further, that the Court took a recess to permit further consultation. Judge Schneider emphasized that even after being given the opportunity to consult with his attorney and to identify issues that he wished to address and preserve for appeal, Espinoza made no mention of his right to testify. After conducting a *de novo* review, this Court concludes that there is no merit to Espinoza's claim that his trial counsel was ineffective by failing to consult him before waiving his right to testify, particularly when the Court and counsel discussed Espinoza's decision not to take the stand in his presence.

6

In his Objections, Espinoza suggests that his failure to consult claim is broader than consultation regarding his decision not to testify. That is, he contends that his trial counsel "was ineffective by failing to consult him before indicating to the Court that the Defense would rest without putting on a defense, which includes testifying, presenting witnesses, and cross-examining his accuser." *Doc. 151* at 8. But Judge Schneider considered and resolved these claims too, albeit in a more appropriate context.

Judge Schneider discussed Espinoza's failure to present and cross-examine witnesses claim independently from his failure to consult regarding his decision to testify claim, mostly likely because of the significant differences in the way the law treats these claims. In *Florida v. Nixon*, 543 U.S. 175 (2004), the United States Supreme Court acknowledged the distinction in such claims when it reasoned that counsel need not "obtain the defendant's consent to 'every tactical decision,'" but that the defendant has the "ultimately authority" to determine whether to testify in his own behalf. *Id.* Because a defendant's right to testify in his own defense is a fundamental constitutional right, counsel's failure to confer with him regarding that right constitutes ineffective assistance. S*ee, e.g., Owens v. United States*, 483 F.3d 48, 58 (1st Cir. 2007). In contrast, trial counsel's decisions related to "attempt[s] to impeach witnesses, what evidence to introduce, and what defense theory will be most plausible" are matters of trial strategy entitled to a presumption of effectiveness. *See Boyd v. Ward*, 179 F.3d 904, 914-15 (10th Cir. 1999).

Examining the particular evidence and testimony that Espinoza argued should have been introduced, Judge Schneider concluded that it would have been "of questionable value" with "little to no relevance." *Doc. 110* at 6-8. Ultimately, he determined that Espinoza failed to show "either error or prejudice" with respect to his counsel's failure to present evidence or call witnesses. *Id.* at 6-8. After reviewing the record, this Court agrees with this conclusion.

The Court, like Judge Molzen, is satisfied that Judge Schneider adequately addressed Claims 1, 2, and 3 in the first instance. ***Moreover, by denying a certificate of appealability and a panel rehearing on these claims in 2010, the Tenth Circuit <u>also</u> found the claims meritless***. *See Doc. 148* at 3-4 (noting that even through Espinoza argued that the Tenth Circuit Panel had "failed to consider the thrust of Espinoza's argument: [counsel's] decision to waive Espinoza's right to a defense and, by extension, his right to testify in his own behalf without consulting him," the Tenth Circuit denied his petition for rehearing on these claims).

Third, Espinoza objects to Judge Molzen's PF&RD on the basis that she neglected to rule on his motion to appoint counsel and motion for evidentiary hearing. These objections must also be overruled.

While his case was before the Tenth Circuit on appeal for the third time, Espinoza filed a Motion to Appoint Counsel and a Motion to Expedite His Own Motion to Appoint Counsel. *See Docs. 138, 139*. In his Motion to Appoint Counsel, Espinoza suggested that an attorney "may succeed in securing" various evidentiary material, including an affidavit from his former trial counsel,

8

surveillance tapes of the Las Cruces Courthouse, and visiting logs, surveillance tapes, and phone logs from the Dona Ana County Detention Center. *Doc. 138* at 1-2. Further, he argued that "the fact that [he] has been sitting in prison for all of these years without succeeding in the simple task of having all of his issues heard underscores that he is not capable of articulating his issues in a way that will satisfy the district court." *Id.* at 3. He insisted that this case involves questions that are "too complex for a pro se litigant to answer" and that the appointment of counsel may ensure that his claims will be heard in a more expeditious manner. *Id.* at 4; *Doc. 139* at 3.

Notably, there is no Sixth Amendment right to appointed counsel in a federal habeas proceeding. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). Yet, counsel may be appointed when "the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B). In deciding whether to appoint counsel, courts consider certain factors, such as: (1) the merits of the claims, (2) the nature of the factual issues raised in the claims, (3) the litigant's ability to present the claims, and (4) the complexity of the legal issues raised by the claims. *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995).

Here, the Court agrees with both magistrate judges who considered the issues that Plaintiff's claims are without merit. Nor would the evidentiary material that Espinoza seeks, which he insists an attorney could more easily secure, be of any assistance to him here. As to the nature of the factual and legal issues raised and Espinoza's ability to present his claims, the Court finds that these factors also weigh against appointment of counsel. Representing himself, Espinoza has

9

received two certificates of appealability from the Tenth Circuit and has shown himself to be a prolific motion-writer. Moreover, it is not the legal or factual issues in this case that have rendered this case complex, but rather the procedural history resulting from his many filings sandwiched between multiple appeals. Nevertheless, the record shows that Espinoza has generally understood the factual and legal issues in this case, has maneuvered the legal system and even received favorable results before the Tenth Circuit, and has represented himself in an intelligent and capable matter.  As such, the interests of justice do not require the appointment of counsel, and the Court will overrule his objection.

Following remand of Espinoza's Rule 60(b) motion for consideration of his contention that this Court failed to rule on properly presented § 2255 claims, Espinoza filed a Motion for Evidentiary Hearing. *Doc. 144*. Therein, Espinoza urged the Court to grant him an evidentiary hearing so that he could "prove that counsel prevented him from exercising his fundamental rights by waiving them without obtaining his consent despite his expressed desire to exercise them." *Doc. 145* at 6. This Court determined in the first instance that consideration of the merits of Espinoza's § 2255 motion did not necessitate an evidentiary hearing. *Doc. 21* at 1. In his April 13, 2009 PF&RD, Judge Schneider reasoned that resolution of Espinoza's § 2255 motion did not require an evidentiary hearing because Espinoza could "meet neither prong of the *Strickland* test." *Id.* at 12. Considering the same request now, the Court concludes that the record conclusively establishes that Espinoza's § 2255 claims were adequately resolved by this Court in the first instance and that they lack merit in any event.  Thus, an

evidentiary hearing remains unnecessary. Relatedly, because Espinoza's claims can be decided without an evidentiary hearing, the appointment of counsel is not required under Rule 8(c) of the Rules Governing Section 2255 Proceedings for the United States District Courts.

**IT IS THEREFORE ORDERED** that Espinoza's Objections to the Magistrate Judge's Proposed Findings and Recommended Disposition (*Doc. 151*) are hereby **OVERRULED;**

**IT IS FURTHER ORDERED** that the Magistrate Judge's Proposed Findings and Recommended Disposition (*Doc. 148*) is hereby **ADOPTED**;

**IT IS FURTHER ORDERED** that Espinoza's Motions to Appoint Counsel (*Doc. 138*), to Expedite his Own Motion to Appoint Counsel (*Doc. 139*), and for an Evidentiary Hearing (*Doc. 144*), as well as his Second Motion for Expedited Ruling (*Doc. 154*), are hereby **DENIED**;

**IT IS FURTHER ORDERED** that Espinoza's Motion to Set Aside Judgment (*Doc. 120*) is hereby **DENIED.**

                                                  UNITED STATES DISTRICT JUDGE